FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR -6 PM 3:33

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PORTER WILKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 111-196 |
| ) | |
| J. DARRELL HART, Warden,[1] and SAM ) | |
| OLENS, Attorney General of the State of ) | |
| Georgia, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Wilcox State Prison, in Abbeville, Georgia, brought the above-captioned petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent Olens be **DISMISSED**, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Hart.

### I. BACKGROUND

The instant case marks Petitioner's fourth attempt at federal habeas corpus relief in this Court concerning his September 11, 2000, conviction for burglary in the Superior Court of Richmond County. As the tortured procedural history of this case is recounted in large part in a prior recommendation by this Court in Wilkes v. Owens, CV 109-149, 2010 WL 3338690, at

---

[1] Warden Robert Toole was previously named as one of the Respondents in this action. As explained in greater detail infra, see Part III.A., the proper respondent in this case is the current warden at Petitioner's place of confinement, J. Darrell Hart. See Rule 2(a) of the Rules Governing Section 2254 Cases.

*1-2 (S.D. Ga. Aug. 3, 2010), which was Petitioner's third attempt at federal habeas corpus relief, the Court will not recount it again here in full.[2] Rather, the Court proceeds to provide the portions of the procedural history relevant to the recommendation made herein.

As noted earlier, on September 11, 2000, Petitioner was found guilty of one count of burglary by a jury in the Superior Court of Richmond County. (Doc. no. 10-12, pp. 36, 39.) Petitioner was sentenced as a recidivist, pursuant to O.C.G.A. § 17-10-7(c), to a term of twenty years of incarceration. (Id. at 39.) Before he filed a direct appeal, however, Petitioner filed a state habeas corpus petition in the Superior Court of Coffee County on March 29, 2002. (See doc. nos. 10-3, 10-4.) That petition was held in abeyance while Petitioner's motion for new trial was pending in the Superior Court of Richmond County. (See generally doc. no. 10-5.) At the conclusion of a hearing on September 15, 2004, however, the Honorable William Neville, a Judge in the Superior Court of Coffee County, stated he was going to "dismiss the petition without prejudice as having been prematurely brought because an appeal is pending from [Petitioner's] trial level."[3] (Doc. no. 10-6, p. 43.) Accordingly, Petitioner's first state habeas petition in Coffee County was never considered on the merits.

Meanwhile, Petitioner filed a direct appeal with the Court of Appeals of Georgia on February 25, 2004 (doc. no. 10-11, pp. 37, 51), in which he raised the following claims:

---

[2]To very briefly summarize, Petitioner's prior federal petitions were all dismissed for Petitioner's failure to fully exhaust state court remedies, as Petitioner repeatedly sought federal habeas corpus relief while state proceedings remained pending. See Wilkes v. Martin, CV 104-014, doc. nos. 1, 4 (S.D. Ga. Feb. 10 & Mar. 4, 2004); Wilkes v. Henderson, CV 108-017, doc. nos. 16, 19 (S.D. Ga. Nov. 14, 2008 & Jan. 21, 2009); Wilkes v. Owens, CV 109-149, doc. nos. 21, 24 (S.D. Ga. Aug. 3 & Aug. 23, 2010).

[3]Respondent states that, while Judge Neville made this statement on the record, no written order dismissing the habeas petition filed in Coffee County was ever entered. (Doc. no. 8-1, pp. 1-2.)

(1) the trial court erred in denying his motion for a new trial because the evidence was insufficient to support the verdict;

(2) the trial court erred in denying his motion to suppress stolen items found in his room because

    (a) his sister lacked the authority to permit a search of his room without his consent, and

    (b) officers lacked probable cause to search his room or bags;

(3) the trial court abused its discretion in allowing parole officers to testify about Petitioner's ankle monitor, its removal, and the reason they were in his home; and

(4) trial counsel was ineffective, as he

    (a) met with Petitioner only once;

    (b) was not adequately prepared to argue the motion to suppress competently;

    (c) was not adequately prepared for trial; and

    (d) did not object to the introduction of evidence that violated discovery rules.

Wilkes v. State, 604 S.E. 2d 601, 603-06 (Ga. Ct. App. 2004). On September 10, 2004, the Court of Appeals of Georgia rejected Petitioner's contentions and affirmed his conviction. Id.

On March 23, 2005, Petitioner then filed a state habeas corpus petition in the Superior Court of Gwinnett County. (See doc. no. 10-7.) The petition included the following grounds for relief:

(1) ineffective assistance of appellate counsel "under numerous issues;"

(2) "[d]ue to counsel's errors it contributed to a due process violation, in an inordinate delay in the appellate process; including an excessive delay in the furnishing of the transcripts;" and

(3) appellate counsel "deliberately and intentionally, deprived Petitioner of his right to an adequate direct appeal."

(Id. at 5.) After Petitioner was transferred from Phillips State Prison in Gwinnett County to

3

Macon State Prison in Macon County, his state habeas petition was transferred to the Superior Court of Macon County, Georgia, on March 15, 2006. (See doc. no. 10-9.)

While the petition was pending in Macon County, Petitioner was transferred to a prison facility in Baldwin County, Georgia, and he subsequently filed a motion to transfer his habeas petition to the Superior Court of Baldwin County. (See doc. no. 10-10.) The Superior Court of Macon County then held a hearing on Petitioner's habeas petition on May 20, 2008, at which it denied his motion to transfer and invited him to proceed with argument on his petition. (See doc. no. 10-11, pp. 1-15.) Petitioner refused to present any argument or evidence concerning the claims raised in his petition.[4] (See id. at 9-15.) In an order signed June 28, 2010,

---

[4] Because he contested the state habeas court's jurisdiction, Petitioner stated several times that he would not present any argument or evidence, despite it being noted on the record that Petitioner's failure to "take advantage" of the opportunity presented at the hearing "might affect whether or not that his claims in federal court would be defaulted." (Doc. no. 10-11, p. 10.) After the state habeas court informed him that the hearing was going to proceed despite his objections, Petitioner had the following exchange with the judge presiding over the hearing, the Honorable R. Rucker Smith:

| | |
|---|---|
| Court: | Anything you want to tell me in terms of facts and circumstances or evidence or argument, legal argument as to your habeas? |
| Petitioner: | The only legal arguments that I have is (sic) against the proceeding with this case. |
| Court: | Okay. Anything else you want to tell me, here's your opportunity? Any evidence or law you wish to present? |
| Petitioner: | (No response). |
| Court: | And I'm hearing none. Okay. I'm going to deny his habeas. |

(Id. at 13-14.)

Petitioner's state habeas corpus petition was denied in its entirety.[5,6] (Id.)

Petitioner then timely filed the above-captioned petition, in which he raises the following grounds for relief:

(1) ineffective assistance of appellate counsel:

    (a) for failing to raise or adequately argue the following instances of trial counsel's alleged ineffectiveness:

        (i) "[f]ailure to file a timely demurrer or motion to quash indictment;"

        (ii) failure to correctly argue the issues in the motion to suppress; and

---

[5]Petitioner sought, and was granted, a certificate of probable cause to appeal the issue of whether the habeas court erred by not transferring the habeas petition. See Wilkes v. Terry, 717 S.E. 2d 644, 645 (Ga. 2011). On November 17, 2011, the Supreme Court of Georgia concluded that the state habeas court did not abuse its discretion in denying the motion to transfer. Id. at 646.

[6]Petitioner also notes in his brief that he filed a motion to correct an illegal sentence in the Superior Court of Richmond County on April 19, 2007. (Doc. no. 4, p. 23.) Public records maintained on the website for the City of Augusta, Georgia, indicate that Petitioner did so file, and that the "Motion to Modify, Reduce, or Correct Void Sentence" was denied on March 19, 2008, and the Court of Appeals remittur affirming the judgment was received on October 10, 2009. See http://www.augustaga.gov/index.aspx?nid=421 (click "Yes I agree," then select "Criminal Search" and search case number "2000RCCR00678") (last visited February 26, 2013). The same records indicate that Petitioner filed a second motion to correct illegal sentence in the Superior Court of Richmond County on February 10, 2012 – after he filed the instant federal petition – and an "Order on Defendant's Motion to Vacate Void Sentence" was issued on July 27, 2012, for which an appeal filed by Petitioner is currently pending before the Court of Appeals of Georgia. See id.

Neither party has given the Court any indication that the proceedings on Petitioner's motions to correct an illegal sentence have any effect on his federal petition. For instance, Petitioner does not claim he raised any of the grounds in his federal habeas petition in those proceedings. Most significantly, the Court has found that the claims in the instant petition are either procedurally defaulted or have already been raised before the state courts but lack merit, as discussed in greater detail infra. Accordingly, the proceedings on Petitioner's motions to correct his sentence with the trial court have no bearing on the recommendation made herein.

   (iii) failing to object to the "Brady[7] violation of Reciprocal Discovery" under various provisions of Georgia law;

  (b) for "deliberately omitt[ing] vital issues of errors on direct appeal," including

   (i) issues that were argued at the motion for new trial; and

   (ii) "inconsistencies in the record;" and

  (c) that appellate counsel was disbarred before Petitioner's direct appeal "was filed and decided;"

(2) denial of due process "due to inordinate delay in the appellate process; including an excessive delay in the furnishing of the transcripts of the case;"

(3) denial of an "opportunity for a full and fair litigation" of the claims in his motion to suppress at the trial and appellate levels;

(4) denial of "full and fair litigation" on the "Brady violation committed by the State" due to trial and appellate counsel's errors;

(5) ineffective assistance of trial counsel:

  (a) for failure to file a timely demurrer or motion to quash the indictment;

  (b) for failure to object to "the Brady violation of Reciprocal Discovery and exculpatory evidence" under various provisions of Georgia law; an

  (c) for failure to "correctly argue two [2] vital issues" in the motion to suppress;

(6) denial of Petitioner's due process by the State's failure to file the transcript of the sentencing hearing held on October 5, 2000; and

(7) denial of due process under a "fatally defective Bill of Indictment" which did not specify an underlying theft or felony, which were not asserted at the trial or appellate levels due to the "negligence" of trial and appellate counsel.

(Doc. no. 1, pp. 7-8; doc. no. 4, pp. 5-25.) In his answer, Respondent Hart submits Petitioner's

---

[7]See Brady v. Maryland, 373 U.S. 83 (1963).

claims of ineffective assistance of appellate counsel in Ground One and Ground Seven lack merit, and that the remainder of Petitioner's grounds are procedurally defaulted. (Doc. no. 8.) The Court resolves the matter as follows.[8]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 787 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011) (quoting Harrington, 131 S. Ct. at 786; Woodford v. Visciotti, 537 U.S. 19, 24 (2002))

---

[8]Petitioner repeatedly refers to exhibits throughout his brief (see generally doc. no. 4), and he separately submitted a "Notice of Filing State Exhibits," in which he claims to have filed a number of "certified state court documents" (see doc. no. 5). No such exhibits appear in the record, however. In any event, Respondent Hart filed records as directed by the Court (see doc. nos. 3, 10), and these records allow the Court to make a recommendation in this case without the need for considering the records referenced by Petitioner.

7

(internal citation omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> The AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is "incorrect or erroneous;" only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. In sum, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, the AEDPA mandates a highly deferential standard of review for state court factual determinations. With regard to factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

8

proceeding." 28 U.S.C. § 2254(d)(2); see also Wood v. Allen, 558 U.S. 290, 130 S. Ct. 841, 848-49 (2010) ("The term 'unreasonable' is no doubt difficult to define. It suffices to say, however, that a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." (internal citation and punctuation omitted)). Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and that the habeas petitioner has the burden of rebutting that presumption "by clear and convincing evidence." See also Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir. 2005) ("Our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").

### III. DISCUSSION

#### A. Attorney General Olens Is Not a Proper Respondent

Before addressing the allegations in the instant petition, the Court first finds that Attorney General Olens is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state attorney general is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper

respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996). As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Hart is the only proper Respondent. Attorney General Olens should therefore be dismissed from this case.

### B. Procedurally Defaulted Claims

#### 1. Exhaustion and Procedural Default Rules Explained

The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

As the Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). The exhaustion requirement applies with equal force to all constitutional claims, including claims of ineffective

assistance of counsel. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar.").

A federal habeas petitioner can run afoul of procedural default rules in one of two ways. First, a federal habeas petitioner can improperly attempt to revive an old claim that a state court has previously denied on procedural grounds. When a state court denies a constitutional claim on "adequate and independent"[9] state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Boyd v. Comm'r, Ala. Dep't of

---

[9]A state court decision rests upon "adequate and independent" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Boyd, 697 F.3d at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court recently made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 131 S. Ct. 1120, 1125 (2011) (citing Beard v. Kindler, 558 U.S. 53, 130 S. Ct. 612, 618 (2009) (stating that a discretionary state procedural rule can serve as an adequate procedural bar to federal habeas review because such a rule is considered "firmly established")).

11

Corrs., 697 F.3d 1320, 1335-36 (11th Cir. 2012); Judd, 250 F.3d at 1313.

Likewise, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim that would be procedurally barred if he attempted to raise it in state court. In such instances, the petitioner's failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1139 (11th Cir. 2001). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

Of note here, under Georgia law, absent a showing of cause to excuse the default and actual prejudice, the failure to object at trial or to raise on direct appeal any alleged error creates a procedural bar to its consideration in a habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, including, if applicable, a *pro se* petitioner, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Also of note, Georgia law requires state habeas petitioners to raise all available grounds for relief in a first or amended habeas petition. See O.C.G.A. § 9-14-51. Under § 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. See id. The Eleventh Circuit has held that Georgia's successive petition statute should be enforced by federal courts "unless there is some indication that a state court judge would find

the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (quoting O.C.G.A. § 9-14-51).

Of course, the Eleventh Circuit has explained that a procedural default may be excused if certain conditions are met:

> A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice.

Jones, 436 F.3d at 1304 (internal citations omitted). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991).[10] A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 2. Claims in Federal Petition that Are Defaulted

The Court finds, for reasons set forth in greater detail below, that all of the claims in Grounds One, Three, Four, Five, and Seven have been procedurally defaulted.

---

[10]If a petitioner is able to prove cause, he must then show prejudice by demonstrating that the errors at trial not only "'created a *possibility* of prejudice, but that they ... infect[ed] his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

### a. Ineffective Assistance of Appellate Counsel Claims in Grounds One and Seven

In Ground One, Petitioner raises multiple allegations of ineffective assistance of appellate counsel, and he alleges in Ground Seven that appellate counsel was ineffective for failing to raise the issue of the "defective" indictment on appeal. (Doc. no. 1, p. 8; doc. no. 4, pp. 5-11.) Respondent Hart contends that Petitioner's claims of ineffective assistance of appellate counsel were "decided on the merits adversely to Petitioner by the state habeas corpus court," and asks the Court to defer to that finding under 28 U.S.C. § 2254(d). (Doc. no. 8-1, p. 5.) The Court disagrees, however, that any of the claims of ineffective assistance of counsel proffered here were raised, let alone decided, at the state habeas corpus level.

As noted earlier, "a habeas petitioner may not present instances of ineffective of counsel in his federal petition that the state court has not evaluated previously." Footman, 978 F.2d at 1211. To that end, if a petitioner does not raise the allegations of ineffective assistance of counsel in his state habeas petition, he must otherwise raise them during the state habeas proceedings in order to have presented them to the state habeas court. See Francis v. Spraggins, 720 F.2d 1190, 1192-93 (11th Cir. 1983) (finding that allegations of ineffective assistance were not defaulted where they were not made in the state habeas petition, but were raised during the proceedings and considered by the state habeas court).

In his state habeas petition, Petitioner alleged ineffective assistance of appellate counsel "under numerous issues." (Doc. no. 10-7, p. 5.) In its order denying relief with respect to this ground, the state habeas court thus observed that "Petitioner did not identify the specific instances in which appellate counsel's performance was allegedly deficient." (Doc. no. 10-10, pp. 3-4.) Petitioner's only other grounds in his state habeas petition were that counsel's errors

14

caused an "inordinate delay in the appellate process" and that appellate counsel deprived him of the "right to an adequate direct appeal." (Doc. no. 10-7, p. 5.) Thus, Petitioner failed to raise any of the specific instances of ineffective assistance of appellate counsel now alleged in his federal petition in his state habeas petition. Moreover, Petitioner did not otherwise present these allegations during the state habeas proceedings, as he completely refused to present *any* argument or evidence at his state habeas hearing. Cf. Francis, 720 F.2d at 1192-93. Accordingly, the claims in Ground One and the ineffective assistance of appellate counsel claim in Ground Seven were not raised before the state habeas court. Under Georgia's successive petition statute discussed previously, state remedies are no longer available to Petitioner on these claims. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

### b. Ineffective Assistance of Trial Counsel Claims in Grounds Five and Seven

In Ground Five, Petitioner alleges three instances of ineffective assistance of trial counsel: (1) for failing to move to quash the indictment; (2) for failing to object to the State's violations of Brady and specific provisions of Georgia law; and, (3) for failing to argue the issues Petitioner raised in his *pro se* motion to suppress and instead seeking suppression based on the actions of Petitioner's parole officers. (Doc. no. 4, pp. 21-22.) In Ground Seven, Petitioner alleges that trial counsel was ineffective for failing to raise the issue of the "defective" indictment at trial. (Doc. no. 1, p. 8.)

Petitioner failed to raise these claims of ineffective of trial counsel at the "earliest practicable moment," however: on direct appeal.[11] See White, 401 S.E.2d at 734. State

---

[11] While Petitioner raised claims of ineffective assistance of trial counsel on direct appeal, they were not the same claims raised in his federal petition. Indeed, Petitioner concedes as much with respect to the claims in Ground Five, as he takes his appellate counsel task for "not asserting these vital issues of trial counsel's errors." (See doc. no. 4, p. 23.) Moreover, as

15

remedies are thus no longer available to Petitioner on these claims because his failure to raise them on direct appeal would preclude him from raising them in a state habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755 (Ga. 1985). Even if he were not barred for his failure to raise the claims on appeal, however, Georgia's successive petition statute would also preclude Petitioner from presenting these claims in a state habeas petition. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

### c. Due Process Claim in Ground Seven

Petitioner's remaining claim in Ground Seven that he was denied due process because his indictment was "fatally defective." Petitioner did not raise this claim on direct appeal or in his state habeas corpus petition, however. State remedies are thus no longer available to Petitioner on this claim because his failure to raise it on direct appeal would preclude him from raising it in a state habeas corpus proceeding. See O.C.G.A. § 9-14-48(d); Black, 336 S.E.2d at 755 (Ga. 1985). Even if he could raise it in a state habeas petition, he would be barred by Georgia's successive petition statute. See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

### d. "Full and Fair" Litigation Claims in Grounds Three and Four

In Grounds Three and Four, Petitioner contends that he was denied "full and fair" litigation at both the trial and appellate levels on the issues in his motion to suppress and the State's alleged discovery misconduct. (Doc. no. 4, pp. 15-20.) As Petitioner did not raise these claims in his state habeas corpus petition, under Georgia's successive petition statute, state remedies are no longer available to Petitioner on the claims in Grounds Three and Four. See

---

explained infra, see note 12, appellate counsel's alleged ineffectiveness in failing to raise these claims of trial counsel does not constitute cause excusing the failure because Petitioner did not separately raise that claim on ineffective assistance of appellate counsel to the state courts. See Payne v. Allen, 539 F.3d 1297, 1314 n.16 (11th Cir. 2008).

O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

In sum, Petitioner has defaulted the claims in Grounds One, Three, Four, Five, and Seven. Moreover, Petitioner has presented no justification for failing to properly raise these claims in state court,[12] and therefore he has failed to demonstrate the cause and prejudice necessary to overcome his procedural default of these claims. Neither has Petitioner shown that a miscarriage of justice will occur if the Court does not consider these claims. Accordingly, the Court concludes that these claims have been defaulted and provide no basis for federal habeas relief.

### C.  Petitioner Not Entitled to Habeas Relief on Due Process Claims in Grounds Two and Six

In Ground Two, Petitioner claims he was "denied due process due to inordinate delay in the appellate process; including an excessive delay in the furnishing of the transcripts of the case." (Doc. no. 4, p. 11.) Petitioner also alleges in Ground Six that "the State's failure to file the Sentencing Hearing Transcript of October 5th, 2000" resulted in "inordinate and excessive delays in this case" and thus a due process violation.[13] (Id. at 23-24.)

---

[12] The only attempt at showing "cause and prejudice" by Petitioner concerns the claims in Ground Seven, as Petitioner asserts that "the appellate counsel and trial counsel's negligence or errors establish[] the cause and prejudice for failure to pursue this issue on the trial and appellate level in the state courts." (Doc. no. 1, p. 8.) Notably, however, Petitioner also faults his appellate counsel for not presenting the claims of ineffective assistance of trial counsel in Ground Five. Still, it is well-settled that "a claim of ineffective assistance [of counsel] must be presented to state courts as an independent claim before it may be used to establish cause for a procedural default." Payne, 539 F.3d at 1314 n.16 (quoting Murray, 477 U.S. at 488-89). As noted supra, Petitioner did not raise the claims that appellate counsel was ineffective for failing to raise the allegations of ineffective assistance of trial counsel in Ground Five in state court. Nor did Petitioner raise the claims of ineffective assistance of trial and appellate counsel asserted in Ground Seven in state court. Thus, Petitioner has not established cause for the default of the claims in Grounds Five and Seven.

[13] The Court is aware that the due process claims are arguably defaulted as well, as Petitioner may not have "fairly presented" them to the state courts. See Jones, 436 F.3d at 1304.

17

An excessive delay in furnishing transcripts can create a cognizable due process claim if it results in a "substantial retardation of the appellate process." Rheuark v. Shaw, 628 F.2d 297, 302 (5th Cir. 1980);[14] see also Cail v. Smith, CV 605-041, 2007 WL 29257, at *2-3 (S.D. Ga. Jan. 3, 2007) (applying Rheuark to due process claim in 28 U.S.C. § 2254 petition). That having been said, "not every delay in the appeal of a case, even an inordinate one, violates due process," and such claims are governed by a four-factor test, including the "(l)ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Rheuark, 628 F.2d at 303 & n.8 (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)). Moreover, prejudice "should be assessed in light of the interests of those convicted of crimes to an appeal of their convictions unencumbered by excessive delay," such "interests" including "(1) prevention of oppressive incarceration pending appeal; (2) minimization of anxiety and concern of those convicted awaiting the outcome of their appeals; and (3) limitation of the possibility that

---

In his state habeas petition, Petitioner alleged that "[d]ue to counsel's errors it contributed to a due process violation, . . ." (Doc. no. 10-7, p. 5 (emphasis added).) Moreover, because he refused to present any argument at his state habeas hearing, Petitioner did not clarify the nature of his claim for the state habeas court. Thus, though Petitioner used the phrase "due process," the state habeas court interpreted this ground as alleging "ineffective assistance of appellate counsel when counsel delayed getting the trial transcripts and delayed the appellate process," and did not separately consider the due process claim. (Doc. no. 10-10, p. 5.)

Still, the Court observes that Petitioner did allege that a due process violation occurred. Where a state court did not address a constitutional claim even though it was presented in a state habeas petition, the federal court need not – and, obviously, cannot – exercise any AEDPA deference to the state's findings on that claim, and may instead review it *de novo*. See Hammond v. Hall, 586 F.3d 1289, 1306 (11th Cir. 2009) (noting that a district court did not err in reviewing Brady claims *de novo*, rather than deferring to state court's findings, where state habeas court evaluated the claims as alleging ineffective assistance of counsel and did not consider Brady issues). Thus, in an abundance of caution, the Court concludes that Petitioner did present the due process claims in Grounds Two and Six to the state habeas court and reviews them *de novo*.

[14]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a convicted person's grounds for appeal, and his or her defenses in case of reversal and retrial, might be impaired." Id.

Here, without need for considering the first three factors, Petitioner's due process claim lacks merit because he has failed to show the requisite prejudice. Petitioner offers nothing more than the conclusory allegation that he has been "prejudiced from an adequate appeal" because of the delay. (Doc. no. 4, p. 15.) Petitioner offers no explanation of how, for example, any of his grounds for appeal were impaired by the delay in furnishing the transcripts. Cf. Rheuark, 628 F.2d at 303 n.8 (providing as an example of how appeal can be impaired by delay, the failure to transcribe defense counsel's oral motion for mistrial, which caused the Texas Court of Criminal Appeals to decline to rule on denial of the motion).

Indeed, this failure to show how he has been prejudiced with any specificity is particularly problematic for Petitioner, who ultimately had an appeal which was found to lack merit. See United States v. Rodriguez, 259 F. App'x 270, 277-78 (11th Cir. 2007) (*per curiam*) (noting that, because his appeal was evaluated and found to be without merit, appellant could not show that his incarceration pending appeal was oppressive or that his appeal or any defenses upon retrial had been impaired, and could not otherwise show prejudice from the delay); see also Muwwakkil v. Hoke, 968 F.2d 284, 285 (2d Cir. 1992) (petitioner failed to show prejudice from appellate delay where he "produced no evidence that prompt disposition of his appeal would have yielded a different outcome."). Because Petitioner has failed to show prejudice, he is not entitled to federal habeas corpus relief on the claims in Ground Two or Six.[15] Accordingly,

---

[15]The Court notes, however, that it is unclear whether Petitioner's allegations in Ground Six concern delays in the appellate process, or issues in a subsequent proceeding involving a motion to correct illegal sentence he filed in 2007. (See id.) To the extent Petitioner is repeating his allegation of a due process violation based on delays in the appellate process, that claim lacks merit for the reasons discussed supra. Otherwise, to the extent Petitioner is alleging a due

Petitioner is not entitled to federal habeas corpus relief on the claims raised in Grounds Two or Six.

IV.     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent Olens be **DISMISSED**, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Hart.

SO REPORTED and RECOMMENDED this ⟨6th⟩ day of March, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

process violation based on infirmities in proceedings on his motion to correct illegal sentence, such a claim is not cognizable in a § 2254 action. Rather, a federal habeas court may entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of the United States Constitution, a treaty, or the laws of the United States. Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (*per curiam*) (holding that claims that state court failed to hold a hearing and "fail[ed] to attach the relevant portions of the record" in post-conviction proceeding went to "issues unrelated to the cause of petitioner's detention" and thus did not state a basis for habeas relief).