IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PORTER WILKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-196 |
| | ) | |
| J. DARRELL HART, Warden, and SAM OLENS, Attorney General of the State of Georgia, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 16). The Magistrate Judge concluded that five of the seven grounds for relief in Petitioner's habeas corpus petition brought pursuant to 28 U.S.C. § 2254 were procedurally defaulted, and that the remaining two lacked merit.[1] (See doc. no. 14.) Petitioner's objections are, in the main, a reiteration of the contentions he made in his § 2254 petition and brief in support, and they have thus already been sufficiently addressed by the Magistrate Judge in the R&R. One warrants further comment, however.

Petitioner contends in his objections that the Magistrate Judge erred in finding that his claim in Ground Seven was procedurally defaulted. Petitioner alleges in Ground Seven

---

[1] The Magistrate Judge also recommended that Attorney General Olens be dismissed as an improper respondent. (Doc. no. 14, pp. 9-10.)

that he was denied due process because his indictment for burglary was "fatally defective" for failing to specify an underlying theft or felony. (Doc. no. 1, p. 4; doc. no. 4, p. 25.) The Magistrate Judge found that Petitioner had not raised this claim on either direct appeal or in his petition for state habeas corpus relief. (Doc. no. 14, p. 16.) Thus, the Magistrate Judge concluded that Petitioner had procedurally defaulted the claim because state remedies were no longer available to him, as he could not raise the claim in a state habeas petition either because of his failure to raise it on appeal or because of Georgia's successive petition statute. (Id. (citing O.C.G.A. §§ 9-14-48(d) & 9-14-51; Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985); Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998)).)

In his objections, Petitioner now asserts that his claim in Ground Seven was one of a "jurisdictional defect" which is not subject to procedural default. (Doc. no. 16, p. 4.) It is true that jurisdictional defects in a *federal* conviction or sentence cannot be waived, and thus cannot be procedurally defaulted. See, e.g., Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998).[2] That having been said, the Eleventh Circuit Court of Appeals does not appear to have squarely addressed the issue of whether claims of jurisdictional defects in *state* proceedings may be procedurally barred in federal habeas corpus petitions. See, e.g., Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (concluding that claim that indictment was void because it was not signed by the grand jury foreperson could be procedurally defaulted, but first concluding that the claim was "not jurisdictional under Alabama law."). Moreover, the Supreme Court has held, albeit also in the context of a federal conviction, that defects in an indictment do not necessarily deprive a court of its

---

[2]The Court notes that Petitioner cites three non-binding cases from other circuits, all of which also involve *federal* convictions. (See doc. no. 16, p. 4.)

2

jurisdiction to adjudicate a case. See United States v. Cotton, 535 U.S. 625, 630-31 (2002).

In any event, assuming *arguendo* that Petitioner is correct that his claim of a defective indictment is one of a jurisdictional defect which is not subject to procedural default, Petitioner's claim is still patently without merit. As noted above, Petitioner contends in Ground Seven that his indictment was defective because it did not specify an underlying theft or felony. (Doc. no. 1, p. 8; doc. no. 4, p. 25.) Under Georgia law, a person commits the offense of burglary when he enters or remains in any building without authority and with the intent to commit a felony *or* theft therein. O.C.G.A. § 16-7-1. Accordingly, an indictment for burglary that charges a defendant with intent to commit a *felony* without specifying that felony is fatally defective. See Polk v. State, 620 S.E.2d 857, 859-60 (Ga. Ct. App. 2005); Ealey v. State, 221 S.E.2d 50, 50 (Ga. Ct. App. 1975).

Unlike the cases discussed above (which are cited by Petitioner), however, the indictment in his case in fact charged that he intended to commit a *theft*.[3] The cases Petitioner relies on are thus inapposite, as his indictment did not charge that he intended to commit a felony, and it cannot be deemed fatally defective for failing to specify that felony.[4]

---

[3]Specifically, Petitioner was charged in the indictment as follows:

"[W]ith the offense of BURGLARY (§ 16-7-1) for that the said accused in the County of Richmond and in the State of Georgia, between the 10th day of April, 2000, to the 11th day of April, 2000, did without authority and with the intent to commit a theft therein, enter a building, to-wit: Management Association for Professional Societies, located at 1021-15th Street, contrary to the laws of said State, the good order, peace and dignity thereof."

(Doc. no. 10-11, pp. 73-74.)

[4]If Petitioner's contention is that his indictment was defective for failing to specify that he actually completed a theft or what was stolen, that contention is also without merit, as an actual theft is not an element of burglary and is not required to be specified in the indictment. See Williams v. State, 422 S.E.2d 309, 309-10 (Ga. Ct. App. 1992) ("The

3

Petitioner's claim in Ground Seven accordingly lacks merit and cannot provide a basis for federal habeas corpus relief.

Petitioner's remaining objections, however, fail to provide any reason for departing from the conclusions in the R&R and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, Respondent Olens is **DISMISSED**, and the instant § 2254 petition is **DENIED**.

Furthermore, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[5] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.

---

indictment for Count 1 burglary pertinently avers that appellant . . . 'then and there unlawfully and without authority and with intent to commit a theft therein entered the building . . . .' The indictment does not aver that any specified property was stolen, and if it had, it would be surplusage."); Freelove v. State, 494 S.E.2d 72, 73 (Ga. Ct. App. 1997) ("It is not necessary to prove that the theft of any object occurred, only that there was an apparent purpose to commit a theft.").

[5]"If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Hart.

SO ORDERED this 24th day of April, 2013, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA